**FIRST SURETY CORP., a corporation, et al., Plaintiffs,**

v.

**COMMUNITY BANK, a corporation, et al., Defendants.**

No. 71–2131.

United States District Court, C. D. California.

Sept. 21, 1971.

Keatinge, Libott, Bates & Loo, by Richard H. Keatinge, M. S. McMillan, Los Angeles, Cal., for plaintiffs.

Adams, Duque & Hazeltine, by William F. Davis, III, Charles Griffin Cale, Los Angeles, Cal., for defendants.

ORDER DENYING PRELIMINARY INJUNCTION AND INJUNCTION PENDING APPEAL AND CONTINUING TEMPORARY RESTRAINING ORDER IN EFFECT

WHELAN, District Judge.

In this action plaintiffs have moved for a preliminary injunction upon the basis of the record filed in support of plaintiffs' application for a temporary restraining order. The defendants and plaintiffs have stipulated that the application for preliminary injunction may now be submitted upon all of the records and files in this action. Plaintiffs seek a preliminary injunction enjoining defendants during the pendency of this action from the use of any list of shareholders of First Surety Corp., however acquired, in a proxy solicitation, as that

term is defined in Rule 14a–1 (17 C.F.R. 240.14a–1) of the General Rules and Regulations under the Securities Exchange Act of 1934, as amended, in connection with the proposed special meeting of security holders of First Surety Corp. to remove its present directors and to elect new directors, or related to any other matter to be acted upon by security holders, or in making any mailing whatsoever to shareholders of such corporation without affording plaintiffs the right to make an election under General Rule 14a–7(c) whether to mail material for a shareholder or to provide the shareholder with a list of shareholders for the purpose of a proxy solicitation, as well as the affording to plaintiffs the right to control that any material which defendants desire to mail to shareholders will not be mailed prior to the first day on which solicitation is made on behalf of the management of First Surety Corp. or on a day corresponding to the first date on which management proxy soliciting material was released to shareholders in connection with the last annual meeting of shareholders.

This Court issued a temporary restraining order on September 9, 1971, pending a hearing on the motion for preliminary injunction, which said temporary restraining order enjoined defendants from using the shareholders' list for the purpose of a proxy solicitation. The final hearing on the motion for preliminary injunction took place on September 17, 1971. At that time the Court continued the temporary restraining order with the modification that the use by defendants of the shareholders' list was enjoined only with respect to the use of the list for soliciting proxies by writing to and including September 22, 1971, at the hour of 12:00 o'clock P. M.

It appears from the record before the Court on the application for preliminary injunction that defendant Cook is a director of First Surety Corp. and that as such director he secured by proceedings in the California State Court a copy of the list of the shareholders of First Surety Corp. It further appears from the statements of counsel for defendants in open court that the defendants plan to use such list for the purpose of mailing to the shareholders of First Surety Corp. their respective proxy solicitation materials. It appears that each of defendants has filed a Schedule 14B with the Securities Exchange Commission and that such schedules have been accepted by the Securities Exchange Commission.

At the time that the temporary restraining order was first issued, defendant Cook had not filed an accepted Schedule 14B with the Securities Exchange Commission. This Court considered that at such point there had been a violation by the defendants of the proxy rules in that a press release had been issued by the defendants jointly. See Studebaker Corp. v. Gittlin, 2 Cir., 360 F.2d 692.

At the present time it appears that defendant Cook has filed his accepted Schedule 14B.

However, plaintiffs contend that the press release, a copy of which is Exhibit A attached to a document entitled Supplemental Ex Parte Application for Temporary Restraining Order, etc. filed September 9, 1971, contained material misrepresentations and that therefore the defendants are still in violation of the proxy rules and that they should be enjoined from using the stockholders' list of plaintiff corporation for purposes of soliciting proxies in writing. Plaintiffs base their claimed material misrepresentations by defendants in the press release upon a document attached to a proposed second supplemental complaint and marked Exhibit A to such proposed second supplemental complaint; such document sets forth a resolution by the Federal Home Loan Bank Board as follows: "That the time limit for the retention of control of First Surety Corp. by Community Bank is hereby approved for a period of not more than one year commencing July 13, 1971, subject to the following condition: Community Bank

shall enter into an agreement in writing with the Office of Examinations and Supervision as to a mutually acceptable procedure which would assure a bona fide divestiture." Such resolution is dated August 17, 1971. Plaintiffs' contention is that the press release contains material misrepresentations because it does not state that the year's extension of control of First Surety Corp. by Community Bank was made upon the condition of "a mutually acceptable procedure which would assure a bona fide divestiture."

This Court after mature consideration does not consider that there was any material misrepresentation in the press release for the reason that the press release states that as of that time defendant Cook had personally purchased all of Community Bank's shares of First Surety Corp. for cash, free and clear of any lien. Thus at the time of the press release Community Bank had completely divested itself of any possible control over First Surety Corp. Furthermore, the undisputed affidavit of Dale A. Welke filed by defendants in opposition to the motion for preliminary injunction establishes that he and other representatives of Community Bank did on August 23 and 24, 1971, attend meetings with representatives of the Federal Home Loan Bank Board at Los Angeles to prepare the written agreement referred to in the resolution of the Home Loan Bank Board. He further states that a sale of the share of Community Bank to defendant Cook was considered and discussed and Federal Home Loan Bank Board representatives stated that a divestiture to Cook by Community Bank would not meet the requirements of a "bona fide divestiture" if there was any possibility that Community Bank would obtain a lien on the shares of First Surety Corp. to be divested from the ownership of Community Bank. Welke's affidavit further states that on September 2, 1971, defendant Cook purchased Community Bank's shares of First Surety Corp. in a cash transaction in which no bank acquired a lien on such shares

or any other right to acquire such shares.

Where, as here, Community Bank no longer has any ownership of plaintiff corporation's shares, there would seem to be no material misrepresentation in the press release complained of by plaintiffs. Furthermore, it appears from the affidavit of Welke that the extension of control to Community Bank given by the Federal Home Loan Bank Board should be read in the context of the circumstances surrounding it. The Welke affidavit discloses that in May 1971 Community Bank sought from Federal Home Loan Bank Board an approval of the retention for one year by Community Bank of its shares of capital stock of plaintiff corporation. Plaintiff Fusselman protested in a letter to the Home Loan Bank Board against Community Bank's application, and on or about July 5, 1971, plaintiff corporation issued a press release summarizing such letter of plaintiff Fusselman. One statement therein reads "Community Bank's continued ownership of First Surety shares is contrary to the policy of the law." The Home Loan Bank Board, by its resolution of August 17, 1971, found that a one-year extension is warranted for control by Community Bank and that such would not be detrimental to the public interest. The real significance of the ruling of Home Loan Bank Board is that it ruled in favor of Community Bank over the protest of plaintiff Fusselman. It would seem clear that the Federal Home Loan Bank Board was interested only in not allowing control by Community Bank of the plaintiff corporation for more than one year and in insuring that Community Bank would completely divest itself of control of its shares in plaintiff corporation during such year.

The Supreme Court of the United States has set forth the rule that a determination that a statement or omission in a proxy statement is material "embodies a conclusion that the defect was of such a character that it might have been considered important by a reasonable shareholder who was in the

process of deciding how to vote. (Citation to footnote omitted.) This requirement that the defect have a significant propensity to affect the voting process is found in the express terms of Rule 14a–9, and it adequately serves the purpose of ensuring that a cause of action cannot be established by proof of a defect so trivial or so unrelated to the transaction for which approval is sought that correction of the defect or imposition of liability would not further the interests protected by § 14(a)." Mills v. Electric Auto-Lite Co., 396 U.S. 375, 384, 90 S.Ct. 616, 621, 24 L.Ed.2d 593.

Under such rule, this Court considers that on the record now before it there are no material misrepresentations in the press release of defendants complained of by plaintiffs which would entitle plaintiffs to a preliminary injunction as prayed for. There is no irreparable injury shown on the record now before the Court and it would appear from such record that it is not likely that plaintiffs could prevail upon the merits after the trial of this case. This Court, of course, makes no findings of fact because such findings can only be made after a full trial upon the merits; this Court's determination is based solely upon the record now before it upon the motion for preliminary injunction which stands submitted for decision.

■ Plaintiffs also contend as a matter of law that they are entitled to have the right to make an election under General Rule 14a–7(c) whether to mail material for a shareholder or to provide the shareholder with a list for the purpose of a proxy solicitation, as well as the right to control that any material which relates to any matter to be acted upon by shareholders at the meeting of shareholders will not be mailed prior to the first day on which the solicitation is made on behalf of management or on a day corresponding to the first day on which proxy soliciting material was released to shareholders in connection with the last annual meeting of shareholders. Plaintiffs misinterpret Rule 14a–7.

That rule merely imposes upon a corporation the right to elect whether to provide dissident shareholders with a shareholders' list, or alternatively to mail such shareholders' proxy material for them if such shareholders *request* in writing the opportunity to present to all shareholders their arguments in opposition to the corporation's management's position. If requested so in writing to do, plaintiff corporation could undertake to mail proxy material for defendants to all shareholders of plaintiff corporation; in that event the plaintiff corporation would not have to make any mailing for defendants until such time as plaintiff corporation mailed its own proxy solicitations.

However, here defendants are not requesting anything in writing from plaintiffs. Defendant Cook by law obtained a copy of the list of shareholders of First Surety Corp. and the defendants are now prepared to make their written solicitation. They have made no written request under the rule. The rule does not give to a corporation such as First Surety Corp. the right to control the time when defendants may mail their proxy material to the shareholders. The rule rather imposes upon a corporation an obligation, if requested in writing by its shareholders, to send proxy material for them in opposition to the position of management. If the rule were interpreted as plaintiffs urge, it would mean that there could be no special meeting of shareholders of First Surety Corp. called in the event that defendants desire to have such a special meeting of shareholders called where, as here, defendants have indicated that they desire to bring in new management for First Surety Corp.; if such change in management could only be effected after a special meeting of shareholders, it would obviously be to the advantage of plaintiffs never to send out any proxy material for or against a special meeting of shareholders. The defendant stockholders of First Surety Corp. would therefore have to wait until sometime in the future for the annual meeting of

shareholders to be held to present their views to other stockholders.

This Court therefore is of the opinion that the rule in question does not entitle plaintiffs to a preliminary injunction.

Plaintiffs have requested that this Court, in the event of decision adverse to them upon the motion for preliminary injunction, grant an injunction during the pendency of an appeal from the decision of this Court to the Court of Appeals for the Ninth Circuit, such injunction to enjoin defendants from making written solicitations for proxies. This Court is of the opinion that such relief should not be granted to plaintiffs. However, this Court will extend the temporary restraining order heretofore issued, as modified by a minute order of this Court on September 17, 1971, to the hour of 6:00 o'clock P.M. on the 23rd day of September 1971, in order to give plaintiffs an opportunity to request an injunction during the pendency of an appeal, if one be taken, from the Court of Appeals for the Ninth Circuit. This Court denies a motion for injunction pending appeal for the same reasons as it denies the motion for preliminary injunction.